DIETZ, Judge.
Respondent appeals from the trial court's order terminating his parental rights to his minor children Z.A.W. ("Zena") and T.L.C. ("Tim").[1] Respondent's counsel filed a brief indicating that there are no non-frivolous issues to assert on appeal. After an independent review of the record, we agree and therefore affirm.
Facts and Procedural History
On 14 October 2015, the Alamance County Department of Social Services obtained non-secure custody of the children and filed a petition alleging they both were neglected and dependent juveniles and that Zena also was an abused juvenile. On 21 December 2015, based in part on stipulations by Respondent and the children's mother, the trial court adjudicated both children to be neglected and dependent juveniles and also adjudicated Zena to be an abused juvenile.
The trial court held a permanency planning hearing on 2 March 2016 and entered its order from that hearing on 22 March 2016, concluding that it was in the children's best interests to pursue termination of parental rights.
On 9 March 2016, DSS moved to terminate the parental rights of both Respondent and the children's mother. As to Respondent, DSS alleged grounds for termination based on: (1) neglect; (2) failure to pay for the cost of care while the children were in DSS custody; and (3) dependency. See N.C. Gen. Stat. § 7B-1111(a)(1), (3), (6).
After a hearing on 11 and 12 May 2016, the trial court entered an order terminating Respondent's parental rights.[2] The court concluded that grounds to terminate Respondent's parental rights existed based on neglect and dependency, and that termination of Respondent's parental rights was in the children's best interests. Respondent timely appealed.
Analysis
Respondent's counsel has filed a no-merit brief in which counsel states that she has "conducted a conscientious and thorough review of the Record on Appeal" and concluded "that the record contains no issue of merit on which to base an argument for relief." Under Rule 3.1(d) of the North Carolina Rules of Appellate Procedure, Respondent's counsel asked this Court to conduct an independent examination of the case. See N.C. R. App. P. 3.1(d).
Consistent with Rule 3.1(d), counsel also wrote a letter to Respondent advising him of counsel's inability to find any non-frivolous issues for appeal, of her request for this Court to conduct an independent review of the record, and of Respondent's right to file his own arguments directly with this Court. Counsel included with the letter a copy of the record, a copy of the verbatim transcript of the hearing, and a copy of the brief filed by counsel. Respondent has not filed his own written arguments, and a reasonable time for him to have done so has passed.
After carefully reviewing the transcript and record, we agree with counsel that the trial court's findings of fact support at least one ground for termination and that the trial court did not abuse its discretion in determining that termination of Respondent's parental rights is in the children's best interests. See N.C. Gen. Stat. §§ 7B-1110, 7B-1111. Accordingly, we affirm the trial court's order.
Conclusion
We affirm the trial court's order.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR. and DILLON concur.

We use pseudonyms to protect the juveniles' identities.

The trial court's order also terminated the parental rights of the children's mother, who is not a party to this appeal.